IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARC S. CASON #180571, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-20-692 |
| CORIZON HEALTH SERVICES, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARYLAND DIVISION OF CORRECTION'S MOTION TO DISMISS

Defendant, the Maryland Division of Correction, by its attorneys, Brian E. Frosh, Attorney General of Maryland, and Lisa O. Arnquist, Assistant Attorney General, submits this memorandum in support of its motion to dismiss the Complaint.

### SUMMARY OF PLAINTIFF'S ALLEGATIONS

Marc Cason ("Plaintiff") initiated this action by filing a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on March 16, 2020. ECF No. 1. Plaintiff alleges he was incarcerated Dorsey Run Correctional Facility ("DRCF") from March 5, 2018 until August 23, 2019 and suffered because of wheelchair inaccessibility, filthy dorm and bathroom, and shower conditions. ECF No. 1, p. 2. He claims he was hospitalized for blood clots in his bladder from those conditions and was given inadequate medical attention. *Id.* Plaintiff attached to his Complaint copies of Requests for Administrative Remedies ("ARPs") indicating that he had transferred on August 23, 2019 but he had none of his property, including catheters. ECF No. 1-2, pp. 1-2. He complained that he had been using the same

catheter for over a week and had developed a UTI and he had yet to see the doctor. *Id.* Plaintiff also included responses to his ARPs indicating that he was not initially provided with catheters or seen by a provider within the established time frame. ECF No. 1-2, pp. 3-4. Another ARP response indicates that multiple site assessments determined that modifications to existing showers, lavatories, and toilets was warranted, including the installation of additional grab bars. ECF No. 1-2, p. 5. Plaintiff filed a supplement to his Complaint on April 3, 2020. ECF No. 5. He contends that beginning around July 16, 2018 to August 26, 2018, he suffered severe bladder and urinary tract infections ("UTIs") from filthy conditions at DRCF. ECF No. 5, p. 2. Plaintiff alleges he was sent back and forth to the hospital with severe bleeding and excruciating pain from clots in his bladder only to be sent back over to DRCF. *Id.* He asserts he still suffers bladder problems. *Id.* Plaintiff seeks compensatory and punitive damages for pain and suffering. ECF No. 5, p. 3.

## LEGAL STANDARD

A motion made under Rule 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Indeed, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather, the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015) ("[T]he Supreme Court has, with *Iqbal* and *Twombly*, rejected the sufficiency of complaints that merely allege the possibility of entitlement to relief, requiring plausibility for obtaining such relief and thus rejecting a complaint in which the plaintiff relies on speculation."). For the reasons set forth below, plaintiffs' complaint fails to plead with sufficiency any of their claims, and therefore should be dismissed in its entirety.

## ARGUMENT

**I.     Plaintiff's claim against the Maryland Division of Correction is barred.**

    **A.     The Maryland Division of Correction is not a "person" within the meaning of 42 U.S.C. § 1983.**

Section 1983 allows individuals to sue any "person" who violates their constitutional rights while acting under the color of law. 42 U.S.C. § 1983. But the State itself, state agencies and state officials acting within their official capacities cannot be sued under § 1983 because they are not "persons." *See Will v. Michigan Department of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). The Maryland Division of Corrections is an arm of the State and not a person within the meaning of § 1983. *See* Md. Code Ann., State Gov't § 8–201(b) (16) (West 2015) (identifying the Maryland Department of Public Safety and Correctional Services as a department of the Maryland state government); Md. Code Ann., Corr. Servs. § 2–201(1) (West 2002) (identifying the Maryland Division of Corrections as a unit within the

3

Maryland Department of Public Safety and Correctional Services). For this reason, Plaintiff's claim against the Maryland Division of Correction must be dismissed.

### B. The Eleventh Amendment also bars Plaintiff's claim against the Maryland Division of Correction.

The Eleventh Amendment to the United States Constitution immunizes the State, its agencies, and its officials sued in their official capacities, from suit in federal court unless Congress has exercised its power to abrogate the State's immunity or the State has waived that immunity. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-103, 104 S.Ct. 900, 906-09 (1984). *See Gray v. Laws*, 51 F.3d 426, 430-31 (4th Cir. 1995). Congress has not exercised its authority under Section 5 of the Fourteenth Amendment to override the State's immunity from suit in federal court for claims asserted under §1983. Nor has the State consented to be sued in federal court for these types of claims. Thus, for this additional reason, Plaintiff's claim against the State of Maryland is barred.[1]

## II. Plaintiff has Failed to Allege a Plausible Claim of Deliberate Indifference Under the Eighth Amendment.

Plaintiff has failed to state an Eighth Amendment claim, nor can he salvage his claim by amending and adding individual state officials as defendants. The Complaint contains

---

[1] The State's Eleventh Amendment immunity bars all of Plaintiff's claims, including claims for both declaratory and injunctive relief. *See Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932 (1986) (Eleventh Amendment proscription "exists whether the relief sought is legal or equitable."). Moreover, *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908), which permits a Plaintiff to maintain an action for injunctive relief against a state official based on ongoing unconstitutional conduct, has no application here because Plaintiff has not alleged any facts establishing a violation of his constitutionally guaranteed rights.

4

Case 8:20-cv-00692-PX   Document 19-1   Filed 07/08/20   Page 5 of 7

no plausible claims that any state official was deliberately indifferent to alleged "serious and unreasonable risks of harm" to Plaintiff in violation of the Eighth Amendment.  The allegations fail to state actionable claims under the well-established Eighth Amendment test, which requires a prisoner to demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

To succeed on an Eighth Amendment claim regarding the conditions of a prisoner's confinement, an inmate must establish both elements of a two-prong standard. First, to satisfy the "objective" prong, a plaintiff inmate must "demonstrate that 'the deprivation alleged [was], objectively, sufficiently serious.'" *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 834).  A deprivation is sufficiently serious only if it is "'extreme'— meaning that it poses a 'serious or significant physical or emotional injury" or "'a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions.'" *Scinto*, 841 at 225 (quoting *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)).

The subjective component requires a showing "that the prison official had a 'sufficiently culpable state of mind,' which . . . consists of 'deliberate indifference to inmate health or safety.'" *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 834).  Under the subjective test, "actual knowledge of facts from which a reasonable person might have inferred the existence of the substantial and unique risk to [the prisoner] . . . is not enough to establish a violation of the Eighth Amendment," because "the defendant official . . . must actually have drawn the inference." *Rich v. Bruce*, 129 F.3d 336, 340 (4th

5

Cir. 1997). Thus, negligence alone does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the prohibited conduct.").

Plaintiffs' complaint does not satisfy the objective element of an Eighth Amendment claim because Plaintiff has failed to allege that he was subjected to conditions which caused him serious harm or exposed him to a substantial risk of serious harm. As the Fourth Circuit has explained, "[t]he Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, as noted, "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta*, 330 F.3d at 633–34 (4th Cir. 2003). *See also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) ("'[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'") (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Plaintiff's allegations also fail to meet the subjective component of the Eighth Amendment test, which requires not only "[a]ctual knowledge or awareness on the part of" the defendant to the substantial and excessive risk of harm to the prisoner, *Brice v. Virginia Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995), but also a showing that the official acted with "deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Plaintiffs allege no facts plausibly demonstrating that defendants had "actual knowledge" of *any* risk of harm to plaintiffs. As noted previously, no individual state official is mentioned

6

in the Complaint, and the complaint is thus devoid of any facts demonstrating that any state official was aware of a serious risk of harm to any plaintiff. Plaintiffs' Eighth Amendment claims thus contain no more than the very type of "un-adorned, the-defendant[s]-unlawfully-harmed-me accusation[s]," without any "factual enhancement," that the Court cautioned against in *Twombly and Iqbal*. *See Iqbal*, 556 U.S. at 677. Because plaintiffs have failed to provide "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable" under the Eighth Amendment, *id*. at 678, the Court should dismiss the complaint as against the Maryland Division of Correction.

## CONCLUSION

The motion to dismiss should be granted, and Plaintiff's Complaint against the Maryland Division of Correction should be dismissed.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland


/s/
_____
LISA O. ARNQUIST
Fed. Bar ID 25338
Assistant Attorney General
Department of Public Safety and
Correctional Services
300 E. Joppa Road, Suite 1000
Baltimore, Maryland 21286
Tel.: 410-339-7568
e-mail: lisa.arnquist@maryland.gov