**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARC CASON #180-571** | : | |
| **Plaintiff** | : | **CASE NO.: 8:20-CV-00692-PX** |
| **v.** | : | |
| **ASRESAHEGN GETACHEW, M.D., et al.** | : | |
| **Defendants** | : | |

**REPLY TO PLAINTIFF'S OPPOSITIONS TO MOTION TO DISMISS OR IN THE**

**ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants Asresahegn Getachew, M.D., Ayoku Oketunji, M.D., Yonas Sisay,

M.D., Bolaji Onabajo, M.D., and Hiruy Bishaw, M.D. (collectively, the Wexford

Defendants) by and through their undersigned attorneys,[1] hereby reply to Plaintiff's

opposition to the motion to dismiss, or in the alternative, motion for summary judgment, and

in support state:

1.      On July 8, 2020, the Maryland Division of Corrections filed a motion to

dismiss Plaintiff's complaint (hereafter, "State MTD"). ECF 19.

2.      On August 7, 2020, Plaintiff filed an opposition to the State's MTD. ECF 27.

In this opposition Plaintiff raises numerous new allegations against unspecified defendants.

A majority of the allegations involve wheelchair accessibility in the bathroom, shower,

dormitory, dining room, and compound conditions. ECF 27. The Court can take judicial

notice that the individual Wexford Defendants are medical providers, and have no control

over facility accessibility issues. Plaintiff also raises new allegations regarding participation

in pre-release programs. Once again, the Wexford Defendants are medical providers, and

---

[1] Counsel represent the Wexford Defendants for the period prior to January 1, 2019.
{438136.DOCX}

have no control or responsibility for pre-release issues. Plaintiff raises an allegation that the living conditions were filthy. The Wexford Defendants are medical providers, and have no control or responsibility for cleaning in the prison compound.

      3.     In ECF 27 Plaintiff additionally raises two new allegations apparently against unspecified medical providers. Plaintiff alleges that unidentified medical providers at unidentified times "forced" him to reuse catheters. ECF 27, p. 3. Plaintiff also newly alleges that his pain and muscle spasm medications have been discontinued in retaliation for filing his complaint. However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Mylan Labs., Inc. v. Akzo, N.V., 770 F.Supp. 1053, 1068 (D.Md. 1991) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101 (7th Cir. 1984)); see Zachair Ltd. v. Driggs, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (stating that the plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), aff'd, 141 F.3d 1162 (4th Cir. 1998). Accordingly, to the extent either of these two new allegations was intended to apply to any of the individual Wexford Defendants prior to January 1, 2019, the allegations must be disregarded.

      4.     On July 2, 2020, Corizon filed a motion to dismiss, or alternatively, for summary judgment. ECF 17. On July 9, 2020, Wexford filed a motion to dismiss, or in the alternative, motion for summary judgment. ECF 22.

      5.     On August 7, 2020, Plaintiff filed a pleading in opposition to (unspecified) "motion to dismiss/motion for summary judgment" (hereafter, the "2nd Opposition." ECF 28. Plaintiff also filed a "Memorandum in Support of Plaintiff's Opposition" (hereafter,

{438136.DOCX}

"Memorandum"). ECF 29.

6.      On August 18, 2020, Corizon filed a reply to Plaintiff's 2nd Opposition and

the Memorandum. See ECF 31. The Wexford Defendants hereby adopt and incorporate by

reference Corizon's reply to the 2nd Opposition and Memorandum (ECF 31).

7.      In the 2nd Opposition, Plaintiff argues for the first time that he had severe

bleeding from his penis from July 14, 2010 until July 17, 2018. See ECF 28, p. 1.

However, as discussed above, Plaintiff's complaint cannot be amended by issues raised for

the first time in opposition to a dispositive motion. Mylan Labs., Inc., Zachair Ltd., *supra*.

Therefore, this allegation must be disregarded.

8.      In the 2nd Opposition, Plaintiff argues he was forced to go "back and forth"

from Greater Baltimore Washington Medical Center to Bon Secours Hospital to Jessup

Regional Infirmary to Dorsey Run Correctional Facility "at least three times" before an

unspecified bladder problem resolved. ECF 28, p. 1. This fails to allege any wrongdoing or

deliberate indifference, and must be disregarded.

9.      In the 2nd Opposition Plaintiff once again argues he was forced by

unspecified medical providers at unspecified times to reuse catheters. ECF 28, p. 1. Once

again this new allegation must be disregarded. Mylan Labs., Inc., Zachair Ltd., *supra*.

10.     In the 2nd Opposition Plaintiff argues he suffered excruciating pain and had to

have his bladder irrigated 3 or 4 times. ECF 28, p. 2. This fails identify any medical

provider responsible for his pain and need for bladder irrigation or to allege any wrongdoing

or deliberate indifference attributable for these problems, and must be disregarded.

11.     In the 2nd Opposition Plaintiff alleges that his unspecified condition was

{438136.DOCX}

"neglected from July 17, 2018 until August 18, 2018 to August 23, 2020." ECF 28, p. 2.  It is unknown what 'condition' Plaintiff refers to, who neglected him, or what the referenced dates mean.  Plaintiff then also argues he did not receive adequate medical care or adequate medical supplies.  Id. These claims all sound in negligence.  Negligence does not rise to the level of deliberate indifference, and therefore this allegation must be disregarded.  Estelle v. Gamble, 429 U.S. 97 (1976).  Additionally, pursuant to Maryland law Plaintiff may not first raise medical negligence issues in the courts.  The claim must first be raised with the Health Claims Alternative Dispute Resolution Office.  Md. Cts. & Jud. Proc. § 3-2A-01 et seq.

12.     Plaintiff next argues that Wexford (which is not a defendant), Corizon, Bon Secours Hospital, Drs. Bolaji, Getachew, Sisay, Bishaw, and Scipio are all in violation of the Americans with Disabilities Act (ADA).  ECF 28, p. 2.  Wexford adopts and incorporates Corizon's response in ECF 31 to the allegation of ADA violations.

13.     In Plaintiff's Memorandum Plaintiff argues that medical records from July-August 2018 are "missing."  ECF 29, p. 2.  In the first place, there was no indication in the complaint that there was any particular relevance to medical records in July-August 2018.  See ECF 1.  But more to the point, those records were in fact provided.  See ECF 17-9, pp. 53-71 (ECF page numbers).  They demonstrate that Plaintiff received appropriate treatment for his hematuria and was sent by his medical providers to the hospital emergency room on July 17, 2018, and on August 18, 2018, where he received additional treatment.  Id.

14.     Plaintiff then states that his medical providers should have known of the seriousness of the Plaintiff's medical need well before August 18, 2018, and steps should have been taken in July to resolve the matter.  ECF 28, p. 2.  However, even assuming

{438136.DOCX}

arguendo this was true (which the Wexford Defendants deny), this allegation again sounds in medical negligence, which does not rise to the level of deliberate indifference. <u>Estelle</u>, *supra*.

15.     In the Memorandum Plaintiff repeats his allegations that he had to have his bladder irrigated (this time 5 or 6 times), had to reuse catheters, and had a filthy bathroom. The responses to these allegations provided above adequately address these allegations.

**WHEREFORE**, Defendants Asresahegn Getachew, M.D., Ayoku Oketunji, M.D., Yonas Sisay, M.D., Bolaji Onabajo, M.D., and Hiruy Bishaw, M.D. move the Court to dismiss Plaintiff's Complaint, or in the alternative, grant summary judgment in their favor.

Respectfully submitted,

**MEYERS, RODBELL & ROSENBAUM, P.A.**

_____
/s/
Gina Marie Smith, Fed. Bar #22425
Douglas C. Meister Fed. Bar No. 13111
6801 Kenilworth Avenue, Suite 400
Riverdale Park, MD   20737
(301) 699-5800
dmeister@mrrlaw.net

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of August, 2020, a copy of the foregoing Reply to Opposition was mailed, postage prepaid, to

Marc Cason #180-571
NBCI
14100 McMullen Highway, South West
Cumberland, MD  21502

_____
/s/
Douglas C. Meister

{438136.DOCX}